UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KASEY HAMP                                                                                         PLAINTIFF

vs.                                                                          Civil No. 3:24-cv-65-GHD-RP

GOLD STRIKE CASINO RESORT, LLC; et al.                                             DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings [18]. The Plaintiff, Kasey Hamp ("Plaintiff"), filed a Complaint against the Defendants alleging employment discrimination based on race, gender, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") [2]. For the reasons set forth below, the Court finds the Defendants' Motion should be granted and the Plaintiff's claims dismissed as untimely.

*I.    Background*

The Plaintiff was employed at the Defendant Gold Strike Casino Resort from 2022-2023 as a Workforce Management Specialist [2, at p. 2]. She alleges she was subjected to race and gender discrimination, harassment, and retaliation during her time of employment, in violation of Title VII [2, at pp. 4-5].

The Plaintiff timely filed a discrimination charge with the Equal Employment Opportunity Commission ("the EEOC"). On July 26, 2023, the EEOC issued a Right to Sue Letter ("the letter") to the Plaintiff [2]. The Plaintiff stipulates that she received the letter on July 27, 2023 [2, at p. 2]. On October 26, 2024, the Plaintiff filed her Complaint, one day beyond the 90-day deadline set forth in 42 U.S.C. § 2000(e)-5(f)(1). The Defendants have now filed the present motion arguing the Plaintiff's "claims are untimely and must be dismissed with prejudice in their entirety." [19, at p. 2]. The Plaintiff opposes the motion, requesting the Court equitably toll the limitations period

for one day due to a medical condition suffered by the Plaintiff's counsel on October 24, 2023, that she claims prevented timely filing of the Complaint on October 25, 2023.

## *II.    Standard of Review*

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to it. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of

action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III.   *Discussion and Analysis*

The Plaintiff alleges employment discrimination and harassment based on race, gender, and retaliation under Title VII [2]. A plaintiff must first exhaust her administrative remedies to bring a valid Title VII claim; that is, she must first file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). The Plaintiff met this requirement in this case. Once the plaintiff receives a right-to-sue letter from the EEOC, she then has ninety days to commence an action in federal court. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980).

The statutory 90–day filing requirement "is not a jurisdictional prerequisite, but more akin to a statute of limitations. Thus, the ninety-day filing requirement is subject to equitable tolling." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (internal citations omitted); *Strunk v. Methanex USA, L.L.C.*, No. 23-30685, 2024 WL 366173 (5th Cir. Jan. 31, 2024). This tolling however "applies only in 'rare and exceptional circumstances.'" *Strunk* at *2 (quoting *Harris*, 628

3

F.3d at 239). The burden to show entitlement to tolling rests with the plaintiff, and she is "entitled to equitable tolling only if she establishes (1) that she continually and 'diligently' pursued her rights, and (2) 'that some extraordinary circumstances stood in [her] way and prevented timely filing.'" *Id.* (quoting *Menominee Indian Tribe of Wis. v. U.S.*, 577 U.S. 250, 255 (2016)); *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017); *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)).[1] Here, the Court finds the Plaintiff has not met this burden.

The Plaintiff filed her complaint on October 26, 2024, 91 days after she received the EEOC letter, which is one day beyond the 90-day deadline. The Plaintiff does not dispute that this action is untimely filed; thus, the sole determination for the Court is whether the filing deadline should be equitably tolled to save the Plaintiff's claims. The proffered justification for the untimely filing is that the Plaintiff's counsel was prescribed bedrest for one week on October 24, 2023, the day preceding the filing deadline in this case [25-4].

Despite the sympathetic circumstances, the Court finds the Plaintiff has not demonstrated that she is entitled to relief. Plaintiff's counsel was not placed on bed rest until the afternoon of the 89th day of the 90-day permitted filing period, and the Plaintiff does not attempt to explain why the Complaint could not have been filed during the entire preceding 89-day period, particularly given the longstanding and chronic nature of Plaintiff's counsel's illness and the

---

[1] The Plaintiff submitted materials outside the pleadings concerning her medical condition [25]. Defendants make the point that, under Rule 12(d) of the Federal Rules of Civil Procedure, if matters outside the pleadings are presented to the Court on a Rule 12(c) motion and those matters are not excluded, the motion must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Here, while the Court has not excluded the Plaintiff's submitted matters and has not treated this motion as a motion for summary judgment, the Court notes that the U.S. Court of Appeals for the Fifth Circuit has long permitted plaintiffs pursuing otherwise untimely employment discrimination actions to submit affidavits and other evidence in support of an equitable tolling claim in opposition to a motion to dismiss or for judgment on the pleadings, without resort to converting the motion into one for summary judgment. See *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1119 (5th Cir. 1978) ("[I]f a party wishes to withstand a motion to dismiss his [employment] suit on the basis of equitable tolling principles, he must make some minimal effort (if he can) to apprise the District Court, either by way of complaint, affidavit, or otherwise, of facts which would justify such an exceptional step.").

potential for the illness to require bedrest. Indeed, Plaintiff's counsel avers she did in fact return to her office on October 25, 2023, the 90th day of the filing period, but did not file the Complaint until the following day. Given these facts, the Court finds that equitably tolling the limitations period is simply not warranted.

The Court is sympathetic to the Plaintiff's position. What may otherwise be meritorious claims of workplace discrimination must necessarily fail because they were filed one day late. But mere sympathy cannot justify equitable tolling, particularly when, as here, Plaintiff and her counsel did not continually and diligently pursue her rights and timely file her claims during the entirety of the 90-day filing period. See, e.g., *Carter v. Texas Dep't of Health*, No. 03-cv-138, 2004 WL 569518, at *3 (W.D. Tex. Feb. 26, 2004) (Furgeson, J.) (counsel's actions and inactions are not grounds for equitable tolling even in a sympathetic case), *aff'd*, 119 F. App'x 577 (5th Cir. 2004); *Marse v. Sullivan*, No. 91-cv-1816, 1992 WL 319643, at *2 (E.D. La. Oct. 26, 1992) (Duplantier, J.) ("Although I am sympathetic to their various illnesses, plaintiff and his counsel have not shown such 'exceptional circumstances' as to warrant equitable tolling.").

In short, the Court finds the Plaintiff has simply not demonstrated circumstances warranting the extraordinary remedy she seeks. Accordingly, the Court finds this is not an exceptional case that merits equitable tolling. See, e.g., *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (affirming dismissal of plaintiff's Title VII claims and rejecting plaintiff's equitable tolling argument that "mental incapacity rendered her unable to pursue her legal rights," where plaintiff retained counsel before the EEOC filing deadline expired and failed to explain why counsel could not have timely handled the filing of the EEOC charge (citing authorities)); accord *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The Court therefore finds the Plaintiff has not shown entitlement to equitable tolling under these circumstances and her claims were

therefore not timely filed. The Court shall therefore grant the Defendants' motion to dismiss.

### *IV. Conclusion*

For the foregoing reasons, the Court finds the Plaintiff is not entitled to equitable tolling of the limitations period regarding her filing of the Complaint in this matter. The Court therefore finds the Defendants' Motion to Dismiss should be granted and the Plaintiff's claims dismissed with prejudice as untimely.

An order in accordance with this opinion shall issue this day.

THIS the 28a day of October, 2024.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE